# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVID MOORE, ET AL.,
*Plaintiffs*,

v.

No. 3:21-cv-00787 (VAB)

SHAWN SEQUEIRA, ET AL.,
*Defendants.*

## RULING AND ORDER ON MOTIONS IN LIMINE

David Moore, Michael McClain, Daniel Loris, Caroline Moretti, and Roger Falcone (collectively, the "Plaintiffs") have sued Shawn Sequeira, Mark Lauretti, and the City of Shelton (collectively, the "Defendants") for deprivation of their First Amendment rights to free speech, assembly, and association, as well as for defamation, invasion of privacy, and intentional infliction of emotional distress. Am. Compl., ECF No. 14 (Aug. 5, 2021); Ruling and Order on Mot. for Summ. J., ECF No. 73 (Aug. 18, 2023) ("Order on MSJ").

In advance of trial, both sides have filed motions to exclude or limit certain types of evidence. *See* Mot. *in Limine* Re: Investigation by Serra and Delveccio, ECF No. 82 (Nov. 3, 2023) ("Pl. Mot. Re: Investigation"); Mot. *in Limine* Re: Moore v. City of Shelton 3:17-cv-421-JAM, ECF No. 83 (Nov. 3, 2023) ("Pl. Mot. Re: Lawsuit"); Mot. *in Limine* Re: 3:21-cv-757-JAM, ECF No. 84 (Nov. 3, 2023) ("Pl. Mot. Re: Settlement"); Mot. *in Limine* Re: Polygraph Exam for City of Shelton, ECF No. 85 (Nov. 3, 2023) ("Pl. Mot. Re: Polygraph Exam"); Mot. *in Limine* Re: David Moore Protective Order, ECF No. 86 (Nov. 3, 2023) ("Pl. Mot. Re: Protective Order"); Mot. *in Limine* Re: Napoleone Settlement, ECF No. 87 (Nov. 3, 2023) ("Pl. Mot. Re: Napoleone Settlement"); Mot. *in Limine* Re: Preclusion of Arbitration Decisions and Any Testimony About Arbitration Decisions, ECF No. 90 (Nov. 3, 2023) ("Def. Mot. Re:

Arbitration"); Mot. *in Limine* Re: Preclusion of Damages Analyses, ECF No. 91 (Nov. 3, 2023) ("Def. Mot. Re: Damages Analyses"); Mot. *in Limine* Re: Preclusion of Witnesses on Emotional Distress Damages, ECF No. 92 (Nov. 3, 2023) ("Def. Mot. Re: Emotional Distress Damages"); Mot. *in Limine* Re: Preclusion of Plaintiffs' Exhibit No. 26 Fox News Report Video, ECF No. 93 (Nov. 3, 2023) ("Def. Mot. Re: Fox News Report Video");[1] Mot. *in Limine* Re: Preclusions of Plaintiffs' Exhibit No. 23 Rally YouTube Video, ECF No. 95 (Nov. 3, 2023) ("Def. Mot. Re: Rally YouTube Video").

For the following reasons, the Court will **GRANT** Defendants' motion regarding the arbitration panel's decisions, ECF No. 90.

The Court will **GRANT** Plaintiffs' motion regarding Mr. Moore's previous lawsuit against Mr. Sequeira and the City of Shelton, ECF No. 83.

The Court will **GRANT** Plaintiffs' motion regarding the protective order, ECF No. 86.

The Court will **GRANT** Plaintiffs' motion regarding the Napoleone Settlement, ECF No. 87.

The Court will **DENY without prejudice** to renewal at trial Plaintiffs' motion regarding the investigation, ECF No. 82; Plaintiffs' motion regarding the City of Shelton Settlement, ECF No. 84; and Plaintiffs' motion regarding the polygraph exam, ECF No. 85.

The Court will **GRANT in part and DENY in part** the motion to preclude the Fox News video, ECF No. 93.

The Court will **GRANT** Defendants' motion regarding the YouTube rally video, ECF No. 94.

---

[1] Mot. *in Limine* Re: Preclusion of Plaintiffs' Exhibit No. 26 Fox News Report Video, ECF No. 94 (Nov. 3, 2023) appears to be a duplicate of ECF No. 93 and the Court therefore will not address it.

The Court will **DENY without prejudice** to renewal after the trial Defendants' motion to preclude the damages analyses, ECF No. 91.

Finally, the Court will **DENY as moot** Defendants' motion regarding witnesses on emotional distress damages, ECF No. 92.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual and procedural background, and will only reiterate what is necessary to address these motions *in limine*. *See* Ruling and Order on Mot. for Summ. J, ECF No. 73 (Aug. 18, 2023).

On June 9, 2021, David Moore, Michael McClain, Daniel Loris, Caroline Moretti, and Roger Falcone, and John Napoleone[2] filed a Complaint with seven (7) counts: (1) § 1983 violation of First Amendment right to free speech and assembly as to Sequeira and Lauretti ("Count One"); (2) § 1983 violation of First Amendment right to freedom of expressive association as to Sequeira and Lauretti ("Count Two"); (3) violation of Conn. Gen. Stat. § 31-51(q) as to Sequeira and Lauretti ("Count Three"); (4) intentional infliction of emotional distress as to defendants Sequeira and Lauretti ("Count Four"); (5) defamation as to defendants Sequeira and Lauretti ("Count Five"); (6) invasion of privacy as to defendants Sequeira and Lauretti ("Count Six"); and (7) indemnification as to the City of Shelton pursuant to Conn. Gen. Stat. § 7-465 ("Count Seven"). Compl., ECF No. 1.

On August 5, 2021, Plaintiffs filed an Amended Complaint. *See* Am. Compl.

On April 26, 2022, Defendants filed an Answer with affirmative defenses. *See* Answer, ECF No. 28.

---

[2] John Napoleone agreed to voluntarily dismiss his claims against Defendants and has been terminated from this action. *See* Order, ECF No. 72 (granting motion to dismiss).

On September 9, 2022, Defendants filed a motion for summary judgment. *See* Mot. for Summ. J., ECF No. 42.

On November 16, 2022, then-Plaintiff John Napoleone moved to dismiss. *See* Pl. John Napoleone's Mot. for Dismissal, ECF No. 62 (Nov. 16, 2022). In his motion, he stated that he had reached a settlement agreement. *Id*. On June 27, 2023, the Court granted Mr. Napoleone's motion to dismiss him from the lawsuit. Order, ECF No. 72.

On August 18, 2023, the Court granted in part and denied in part Defendants' motion for summary judgment. *See* Order on MSJ. The Court denied Defendants' motion as to Plaintiffs' retaliation claims, defamation and false light claims, and indemnification claim and granted Defendants' motion as to the intentional infliction of emotional distress claim. *Id.*

On November 3, 2023, Plaintiffs filed six motions *in limine*. *See* Pl. Mot. Re: Investigation; Pl. Mot. Re: Lawsuit; Pl. Mot. Re: Settlement; Pl. Mot. Re: Polygraph Exam; Pl. Mot. Re: Protective Order; Pl. Mot. Re: Napoleone Settlement.

Also on November 3, 2023, Defendants filed five motions *in limine*. *See* Def. Mot. Re: Arbitration; Def. Mot. Re: Damages Analyses; Def. Mot. Re: Witnesses on Emotional Distress Damages; Def. Mot. Re: Fox News Report Video; Def. Mot. Re: Rally YouTube Video.

On November 10, 2023, Defendants filed oppositions to three of Plaintiffs' motions *in limine*. *See* Mem. in Opp., ECF No. 101 ("Opp. Re: Lawsuit"), Mem. in Opp., ECF No. 102 ("Opp. Re: Protective Order"), Mem. in Opp., ECF No. 103 ("Opp. Re: Napoleone Settlement").

Also on November 10, 2023, Plaintiffs filed oppositions Defendants' motions *in limine*. *See* Mem. in Opp., ECF No. 96 ("Opp. Re: Arbitration"), Mem. in Opp., ECF No. 97 ("Opp. Re: Damages Analyses"), Mem. in Opp., ECF No. 98 ("Opp. Re: Fox News Report Video"); Mem. in Opp., ECF No. 99 ("Opp. Re: Rally YouTube Video").

On November 14 and November 15, 2023, Plaintiffs filed replies to Defendants' oppositions. *See* Reply to Response, ECF No. 105 ("Reply Re: Napoleone Settlement"); Reply to Response, ECF No. 106 ("Reply Re: Lawsuit"); Reply to Response, ECF No. 105 ("Reply Re: Protective Order").

On November 15, 2023, Defendants filed replies to Plaintiffs' oppositions. *See* Response re Mem. in Opp., ECF No. 108 ("Reply Re: Arbitration"); Response re Mem. in Opp., ECF No. 109 ("Reply Re: Damages Analyses"); Response re Mem. in Opp., ECF No. 110 ("Reply Re: Fox News Report Video"); Response re Mem. in Opp., ECF No. 111 ("Reply Re: Rally YouTube Video").

On November 16, 2023, Plaintiffs filed a supplemental opposition to Def. Mot. Re: Arbitration. *See* Reply to Response, ECF No. 113 ("Supp. Opp. Re: Arbitration").

On February 3, 2024, Plaintiffs filed a supplemental response. Supplemental Opposition, ECF No. 123 ("Supp. Opp. Re: Rally YouTube Video").

On February 6, 2024, the Court held a hearing on the pending motions *in limine*. Minute Entry, ECF No. 124 (Feb. 6, 2024).

## II.     STANDARD OF REVIEW

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (internal citation omitted).

A court should only exclude evidence on motions *in limine* if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 09-CV-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal citation and quotation marks omitted). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009); *see also, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 286–87 (S.D.N.Y. 1996).

## III.   DISCUSSION

The various submissions by the parties fall into three main categories: (1) evidence related to other proceedings, or arising after the filing of this lawsuit; (2) media reports or related video evidence about the underlying issues in the case; and (3) the scope of damages, and issues relating to their admission.

The Court will address each of these categories of proffered evidence in turn.

### A.   Evidence From Other Proceedings, or Arising After the Filing of this Lawsuit

On this first issue, evidence from other proceedings, or arising after the filing of this lawsuit, three specific rules come into play: Rules 401, 403, and 404 of the Federal Rules of Evidence. Before turning to the specific motions before the Court, a brief discussion of the underlying principles relevant to each are in order.

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action." Fed. R. Evid. 401 ("Rule 401"). "Irrelevant evidence is not admissible." Fed. R. Evid. 402 ("Rule 402").

Relevant evidence is still subject to Federal Rule of Evidence 403, which provides that, although relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 ("Rule 403"). Unfair prejudice under Rule 403 "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006) (citation omitted). To warrant excluding evidence under Rule 403, "[t]he prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id*.

Federal Rule of Evidence 404(b)(1) prohibits the admission of evidence of "a crime, wrong, or other act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Under Rule 404(b)(2), however, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

1.  Def. Mot. Re: Arbitration[3]

"The Second Circuit has held that a district court errs when it admits at trial evidence of an arbitration board's prior decision on claims similar to those at issue in the trial. In this circumstance, the jury might feel 'a strong compulsion to conform their verdict to the conclusion of the Arbitration Board experts.'" *Kaufman LLC v. Est. of Feinberg*, No. 3:13-CV-01259 (VAB), 2022 WL 13845083, at *12 (D. Conn. Oct. 24, 2022) (citing *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (internal quotation omitted)). In *Arlio*, the Second Circuit found that the district court erred because the arbitration decision was not relevant because "it was probative of a non-material issue: why [plaintiff] was not seeking back wages in the federal action" and its prejudicial effect outweighed its probative value because the "[t]he allure of a prior expert adjudication must be strong for a jury." *Arlio*, 474 F.3d at 53 (internal citations omitted).

Defendants argue that any findings the arbitration panel made are irrelevant because they were determining whether the Collective Bargaining Agreement was violated, and the risk of jury confusion and influence is prejudicial. See Def. Mem. Re: Arbitration at 6–8.

Plaintiffs argue that the labor board's arbitration decision is relevant to "the issue of whether Plaintiffs' speech was a substantial motivating factor for the terminations and/or Defendants' defense that the same disciplinary action would have been taken against the

---

[3] The Shelton Police Union (the "Union") filed grievances on behalf of its members Caroline Moretti and Daniel Loris. Def. Mot. Re: Arbitration at 1–2. The arbitration panel in Officer Moretti's cases found the following: "a majority of the panel finds that the City of Shelton did not have just cause when it terminated Officer Moretti. She shall be reinstated with full back pay from the date of her termination less appropriate reduction from outside earnings. The City is directed to work with the Municipal Police Training Academy to support reinstatement of Officer Moretti's police powers." *Id.* at 2. The arbitration panel in Officer Loris's case awarded the following: "1. The City of Shelton violated Article 24 of the Collective Bargaining Agreement between the City and Shelton Police Union when the City terminated the employment of Daniel Loris on September 16, 2020; 2. The termination shall be converted to a 30 day suspension without pay; 3. Officer Loris shall be reinstated within 2 weeks from the date of this award and given full back pay beginning October 16, 2020 less all compensation received by him for the entire period; 4. He shall be given full seniority rights and any other benefits that may have accrued during the period from October 16, 2020 to the date of his reinstatement; and 5. There is no reward of Attorney's fees." *Id.* at 2–3.

Plaintiffs regardless of the protected speech." Opp. Re: Arbitration at 1. They also argue that, even if the arbitration awards are inadmissible because of undue prejudice, they are admissible for the limited purpose of establishing damages because Loris and Moretti were reinstated after the arbitration decisions. *Id.* at 5.

In reply, Defendants argue that the arbitration panel's decision is not necessary to establish damages because Mr. Loris and Ms. Moretti can simply testify that they are seeking back pay damages without offering any evidence as to the results of the arbitration decision. Reply Re: Arbitration at 6–7.

In a supplemental opposition, Plaintiffs argue that Plaintiff Moore has been fully reinstated by the labor board and that "all labor board decisions are relevant to an argument by Defendants that they would have taken the same [action] against them regardless of their speech." Pl. Supp. Opp. to Mot. in Limine Re: Arbitration Awards and Damages, ECF No. 113 (Nov. 16, 2023).

The Court disagrees.

Consistent with prevailing Second Circuit precedent, the "allure of a prior expert adjudication [may] be strong for a jury," *Arlio*, 474 F.3d at 53, and therefore its potential prejudicial effect outweighs any alleged probative value. To the extent that the arbitration decision is relevant to the issue of back pay, that issue can be dealt with without bringing in the arbitration decision itself. In any event, as discussed further below, the issue of back pay need not be presented to the jury at all; it is a matter for the Court to resolve, if the jury finds for the Plaintiffs on the issue of liability.

Accordingly, Defendants' motion regarding the arbitration panels decisions will be granted.

2. <u>Pl. Mot. Re: Lawsuit[4]</u>

"Litigiousness is the sort of character trait with which Rule 404(b) is concerned." *Outley v. City of N.Y.*, 837 F.2d 587, 592 (2d Cir. 1988) ("[A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Id.*

Defendants argue that questioning David Moore about his prior lawsuit against the City of Shelton and Shawn Sequeira is relevant to proving Mr. Sequeira's motivation for terminating Mr. Moore and showing Mr. Moore's bias against Mr. Sequeira. Opp. Re: Lawsuit at 3–4.

Plaintiffs argue in response that using prior lawsuits to prove bias is inadmissible character evidence and that Defendants are trying to use Mr. Moore's prior lawsuit to impugn his character. Reply Re: Lawsuit at 2.

The Court agrees.

In *Outley*, the Second Circuit excluded evidence of prior lawsuits but noted a distinction "where a party has filed a series of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern." *Id.* at 594. Indeed, "[i]n similar circumstances," courts in this Circuit "have generally precluded evidence of prior lawsuits to show the plaintiff's litigiousness unless there was evidence that the prior lawsuits were fraudulently filed." *Scoma v. City of N.Y.,* No. 16-CV-6693 (KAM) (SJB), 2021 WL 1784385, at *7 (E.D.N.Y. May 4, 2021) (slip op.) (citing *Outley*, 837 F. 2d at 594); *see also Walker v. Schult*, 365 F. Supp. 3d 266, 281 (N.D.N.Y. 2019) (excluding similar evidence where defendants failed to show that the "other grievances were fraudulent").

---

[4] In this lawsuit, *Moore v. City of Shelton* 3:17-cv-00421-JAM, the Plaintiff David Moore alleged that the City of Shelton arbitrarily and without cause demoted his rank and sought to terminate him in violation of First Amendment rights and his Connecticut State Constitutional rights. Opp. Re: Lawsuit at 1–3.

Defendants claim that evidence of the prior lawsuit is relevant to showing Mr. Moore's "fixation" and "obsession" with Mr. Sequeira, not that the lawsuit was filed fraudulently. Opp. Re: Lawsuit at 4. Evidence of this prior lawsuit, though possibly relevant to prove Mr. Sequiera's had motives apart from Mr. Moore's First Amendment protected speech, is more prejudicial to Mr. Moore than it is probative that Mr. Moore is biased and "obsessed" with Mr. Sequiera. *See Ejchorszt v. Daigle*, No. CIVA.302CV01350(CFD), 2009 WL 1687930, at *3 (D. Conn. June 16, 2009) (evidence is prejudicial when it "tend[s] . . . to prove some adverse fact not properly in issue or unfairly to excite emotions") (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir.1980)).

Accordingly, the Court will grant Plaintiffs' motion regarding Mr. Moore's previous lawsuit against Mr. Sequeira and the City of Shelton.

### 3.   Pl. Mot. Re: Protective Order

Evidence at a civil trial about an arrest and related actions short of a conviction implicate several provisions of the Federal Rules of Evidence. Indeed, Rule 609 permits evidence in a civil trial related to criminal matters but only for the purpose of "attacking a witness's character for truthfulness by evidence of a criminal conviction [if] a crime . . . was punishable . . . by imprisonment for more than one year." FRE 609(a)(1)(a). Moreover, in a civil case "the evidence must be admitted, subject to Rule 403[.]"

Defendants argue that, in 2023, David Moore was arrested and charged with stalking Shawn Sequeira—who later obtained a protective order against him— and that this evidence is relevant to show Mr. Moore's bias and to challenge his credibility.

Plaintiffs argue that the events surrounding Mr. Moore's arrest are irrelevant, in dispute, will create "another trial within the trial," and cannot be used to challenge Mr. Moore's

credibility. Reply Re: Protective Order at 2–3 (citing *Michelson v. United States*, 335 U.S. 469, 482 (1948)).

The Court agrees.

This event in 2023 relating to Mr. Moore's protective order against Mr. Sequeira occurred after all the events related to this lawsuit, and they have no relevance to the claims to be tried here. Additionally, Mr. Moore is contesting the charges from the arrest and evidence of arrests alone, without convictions, is not generally admissible. *See Hyppolite v. Collins*, No. 311CV588WIG, 2015 WL 269219, at *2 (D. Conn. Jan. 21, 2015) ("Arrests generally are not admissible under Rule 609") (citing *Roguz v. Walsh*, No. 09–1052(TLM), 2013 WL 1498126, at *4 (D. Conn. April 5, 2013)); *see also Woolfolk v. Baldofsky*, No. 19-CV-3815 (WFK) (ST), 2022 WL 2600132, at *6 (E.D.N.Y. July 8, 2022) ("[E]vidence of Plaintiff's arrests may carry a 'grave risk of unfair prejudice, confusing the issues, and misleading the jury.'") (quoting *Davis v. Velez*, 15 F. Supp. 3d 234, 252 (E.D.N.Y. 2014)); *U.S. v. Prejean*, 429 F. Supp. 2d 782, 790 (E.D. La. 2006) (determining that, although the facts leading up to the arrest were directly relevant to the allegations at issue, "[e]vidence of the arrest itself would be prejudicial at trial because the arrest did not lead to formal charges").

Accordingly, the Court will grant Plaintiffs' motion regarding the protective order.

4.   Pl. Mot. Re: Napoleone Settlement[5]

Relevance is a "very low standard," *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (citations and quotation marks omitted); *see also* Fed. R. Evid. 401 ("Evidence is relevant

---

[5] While Plaintiffs do not provide a factual background in their motion, Defendants provide the following details regarding Napoleone's previous role as a plaintiff and the substance of his settlement in their opposition to Plaintiff's motion:

> John Napoleone was a former Plaintiff in the current action. Napoleone and the Plaintiff, Michael McClain, were terminated due to handling of a call in June 2019. In September

if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence."). But, as noted above, unfair prejudice under Rule 403 "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *Quattrone*, 441 F.3d at 186 (citation omitted).

Defendants argue that, although they do not seek to introduce the actual settlement as an exhibit, they should be able to question witnesses regarding John Napoleone's recission of his termination reduced to a suspension. Opp. Re: Napoleone Settlement at 1. They argue that his reinstatement and acceptance of discipline is relevant to the issues of the Defendants' motivation for discipline of the Plaintiffs. *Id.* at 2.

Plaintiffs argue that any testimony regarding Napoleone's decision to take a 90-day suspension in exchange for withdrawing all claims is irrelevant as it has no relation to any issue in the case, specifically in this instance motivation of Defendants to terminate Napoleone or Loris. Reply Re: Napoleone Settlement at 2. They argue that the settlement was entered into more than two years after the events that gave rise to this lawsuit. *Id*. at 3. Finally, they argue that this testimony will potentially conflict with Napoleone's depositions testimony and will create "another trial within a trial." *Id.* at 4.

Although originally a part of this lawsuit, Mr. Napoleone's decisions and motivations after the filing of this lawsuit are not sufficiently probative of the issue of why Defendants made the decisions they did regarding the remaining Plaintiffs before the filing of this lawsuit. *See,*

---

2022, John Napoleon and his Union reached a settlement with the City in which the City of Shelton reinstated John Napoleone and reduced the discipline to a 90-day suspension with back pay for his time out of work beyond the 90-day suspension. In return, the grievance was withdrawn, and John Napoleone agreed to dismissal of the current case as to himself. As part of the settlement, John Napoleone accepted responsibility for his actions that led to the discipline.
Opp. Re: Napoleone Settlement at 1–2.

*e.g.*, *Hart v. RCI Hosp. Holdings, Inc*., 90 F. Supp. 3d 250, 285 (S.D.N.Y. 2015) ("Plaintiffs argue that they here intend to use the offers of judgment and settlement communications to prove [d]efendants' state of mind, rather than to prove liability or damages. On this ground, plaintiffs argue, Rule 408 does not preclude admission of defendants' offers. This distinction is unpersuasive. The relevant state of mind here concerns defendants' awareness of the validity or amount of a disputed claim.") (citing Fed. R. Evid. 408) (internal quotations and citations omitted); *Moore v. Rubin*, No. 17-CV-6404 (BMC), 2020 WL 13573582, at *1 (E.D.N.Y. Jan. 31, 2020) (Finding defendant's prior settlements "not relevant under Rule 401" and that "[e]ven if the settlements were relevant, their prejudicial impact greatly outweighs their probative value.").

As a result, any of the probative value of this evidence is outweighed by its potentially prejudicial effect on the jury.

Accordingly, Plaintiffs' motion regarding the Napoleone Settlement will be granted.

5. Pl. Mot. Re: Investigation;[6] Pl. Mot. Re: Settlement;[7] Pl. Mot. Re: Polygraph Exam[8]

As to the three remaining motions *in limine* filed by the Plaintiffs, similar to Plaintiffs' other three motions discussed above, Plaintiffs argue that the evidence sought to be introduced by Defendants "is irrelevant to the claims or defenses of the case and would only serve to cause unfair prejudice to plaintiffs and confusion of the issues." Pl. Mot. Re: Investigation; Pl. Mot. Re: Lawsuit; Pl. Mot. Re: Settlement; Pl. Mot. Re: Polygraph Exam; Pl. Mot. Re: Protective Order; Pl. Mot. Re: Napoleone Settlement.

---

[6] The parties do not provide any information or background on the issues or facts underlying these motions.
[7] The parties do not provide any information or background on the issues or facts underlying these motions.
[8] The parties do not provide any information or background on the issues or facts underlying these motions.

None of the motions provide any additional information or arguments, but Plaintiffs provide replies to Defendants' oppositions. *See* Reply Re: Lawsuit, Reply Re: Protective Order, and Reply Re: Napoleone Settlement.

Defendants argue that "Plaintiffs offer no actual argument to support their assertions other than their simple objection." Opp. Re: Lawsuit; Opp. Re: Protective Order; Opp. Re: Napoleone Settlement. Defendants do not provide additional responses to every motion directly, but they provide pleadings in response to Pl. Mot. Re: Lawsuit, Pl. Mot. Re: Protective Order, and Pl. Mot. Re: Napoleone Settlement. *See id.*

The Court agrees.

Accordingly, because Plaintiffs provide no context or support for Pl. Mot. Re: Investigation; Pl. Mot. Re: Settlement; Pl. Mot. Re: Polygraph Exam, and in the absence of any objections, these motions will be denied without prejudice to renewal at trial.

### B.        Media Accounts and Other Proffered Video Evidence

The second category of contested evidence relates to proffered video footage, either from a press account or video taken by a private citizen. Once again, before discussing the evidence sought to be proffered, the Court will outline the basic evidentiary principles at play.

"The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *U.S. v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (quoting Fed. R. Evid. 801(c)). "Hearsay is admissible only if it falls within an enumerated exception." *Id.* (citing Fed. R. Evid. 802).

Then-existing state of mind and present sense impression are both hearsay exceptions, under Federal Rule of Evidence 803(3) and 803(1), respectively. Fed. R. Evid. 803(3) "allows statements, otherwise excluded as hearsay, to be received to show the declarant's then-existing

state of mind*." Connecticut Cmty. Bank, Nat. Ass'n v. Bank of Greenwich*, No. CIVA306-CV-1293 VLB, 2008 WL 398849, at *1 (D. Conn. Feb. 11, 2008) (citing *Fun–Damental Too v. Gemmy Indus. Corp.*, 111 F.3d 993, 1003–04 (2d Cir.1997)). Fed. R. Evid. 803(1) allows hearsay that is a present sense impression. *See Wei Fu v. ISO Innovative Analytics*, No. 3:12-CV-01444 JCH, 2014 WL 1289235, at *5 (D. Conn. Mar. 31, 2014) (testimony regarding employment feedback was "admissible under the present sense impression hearsay exception").

Additionally, "Rule 807 excepts from hearsay a statement 'supported by sufficient guarantees of trustworthiness' that is 'more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts,' and the opposing party is given reasonable notice." *United States v. Abarca*, No. 19-3751-CR, 2021 WL 6803226, at *6 (2d Cir. Dec. 15, 2021) (quoting Fed. R. Evid. 807(a)). A statement will be admitted under Rule 807 if "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004) (quoting *United States v. Bryce*, 208 F.3d 346, 350–51 (2d Cir. 1999)). "Congress intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances." *United States v. Griffin*, 811 Fed. App'x 683, 686 (2d Cir. 2020) (quoting *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)).

Even if this evidence can be admitted as either non-hearsay or under one of the hearsay rule's limited exceptions, any such evidence must still be sufficiently probative under Rule 401, and not otherwise excludable under Rule 403. *See Foley v. Town of Marlborough*, No. 3:19-CV-01481 (VAB), 2023 WL 122040, at *5 (D. Conn. Jan. 6, 2023) ("Even if relevant and

admissible, evidence may be excluded 'if its probative value is substantially outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'") (quoting Fed. R. Evid. 403).

### 1. Def. Mot. Re: Fox News Report Video[9]

Defendants argue that the Fox News Video should be precluded because as inadmissible hearsay, as it is "full of out of court statements that are not made under oath." Mem. Re: Fox News Report Video at 2. They also argue that it "does nothing to prove any factual issue in dispute" because there is no dispute that the plaintiffs attended the rally. *Id*. at 4

In response, Plaintiffs argue that the video shows that rally "was a peaceful, organized, and very public rally that was well attended by many people and shows specifically that the five plaintiffs were in attendance." Opp. Re: Fox News Report Video at 2. They argue that the video shows that Defendants knew of Plaintiffs' attendance at the rally. Plaintiffs further argue that the video supports their position that, as a result of their attendance and speech at the rally, "defendants were angry and embarrassed and immediately placed four of the five plaintiffs on administrative leave" and that "Defendants were aware of their attendance at the rally and punishment was meted out swiftly." *Id*. Plaintiffs agree that the "the statement of the two people being interviewed are hearsay and the jury can be instructed as such" but that the comments of the report fall under the hearsay exception in Rule 803.1 (present sense impression). *Id*. However, they argue that "[t]he suggestion by defendants that plaintiffs should only be allowed

---

[9] This video depicts a rally on July 2, 2020, at which Plaintiffs' attendance and speech was allegedly the cause of their termination, and the rally was featured on local news stations and several of the attendee's posted videos of the event on YouTube. Def. Mot. Re: Fox News Report Video at 1.

to testify that they attended a rally is prejudicial to them as this video is highly probative of the issues to be decided by the jury." *Id*. at 3

In reply, Defendants argue that Defendants Lauretti and Sequeira had not seen the videos during the relevant time period and so it lacks relevance. Reply Re: Fox News Video at 2. Additionally, they argue that any jury instructive would not correct the hearsay problem. *Id.*

The Court agrees, in part.

Under Rule 801, any of the statements made by the Defendants on the day of the rally are not hearsay. *See* FRE 801(d)(2) (listing statements made by an opposing party as "statements that are not hearsay"); *Tyson v. Dep't of Energy & Env't Prot*., No. 3:21-CV-736 (JAM), 2024 WL 397205, at *2 (D. Conn. Feb. 1, 2024) ("Certain statements—such as statements of a party opponent—are considered 'non-hearsay' and outside the scope of the rule that bars hearsay evidence."). As a result, to the extent that the Defendants said anything at the rally probative of the Plaintiff's claims, the Defendants' statements, to the extent captured on video, can be admitted into evidence. To the extent that any of the Plaintiffs made statements at the rally, and their statements were captured on the video, however, their statements do constitute hearsay, and cannot be admitted into evidence. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("Hearsay is admissible only if it falls within an enumerated exception.") (citing Fed. R. Evid. 802). Similarly, to the extent that non-parties attended the rally, or reported on the rally, and made statements captured on the video, those statements too are hearsay, and do not clearly fall within any of the hearsay rules' noted exceptions, *see* Fed. R. Evid. 803, or the residual exception. *See* Fed. R. Evid. 807**.**

As a result, the Fox News Report Video One may only be admitted to the extent that any such video evidence contains statements made by the Defendants and the Defendants only. Any

other statements made on the video, or anything else contained on the video, is hearsay and will not be admitted into evidence.

Accordingly, the motion to preclude the video will be granted in part, and denied in part, consistent with the analysis above.

## 2. Def. Mot. Re: Rally YouTube Video[10]

Under Rule 1002 of the Federal Rules of Evidence, "[a]n original writing, recording, or photograph is required in order to prove its content . . ." Fed. R. Evid. 1002; *see also Kennedy v. Supreme Forest Prod., Inc*., No. 3:14-CV-01851 (JAM), 2017 WL 2225557, at *3 (D. Conn. May 22, 2017) ("It is true that Rule 1002 of the Federal Rules of Evidence provides that '[a]n original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise.' But . . . . [a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.'") (citations omitted).

Defendants argue that the video posted on YouTube, titled "Pro Shelton Chief of Police Rally," is an unauthenticated, incomplete copy of the original because it has been edited, and it cannot be self-authenticated. Mem Re: Rally YouTube Video, ECF No. 95-1 (Nov. 3, 2023) at 2–3. They argue that it is not subject to any exceptions for incomplete copies and so it cannot be admitted. *Id*. at 3–5.

In response, Plaintiffs argue that Mr. Sequeira acknowledged in his deposition that he attended and spoke at the rally, so the video is admissible as a statement of a party opponent

---

[10] This video shows another rally, at which the Chief spoke to a group of demonstrators. Def. Mot. Re: Rally YouTube Video at 2. A video was taken of his speech and parts of it were published on YouTube by Jessica Schroer-Smalley on June 24, 2020 with the title "Pro Shelton Chief of Police Rally" and the caption "as you can tell, its all an inside job[.]" *Id.*

under FRE 801(d)(2). Opp. Re: Rally Youtube Video at 1–2.  Plaintiffs also claim that Mr. Sequeira's acknowledgment meets the authentication burden. *Id.* at 2.

In reply, Defendants argue that this video cannot be admitted because it was edited and cannot be authenticated, and it was "recorded and published by an unknown third party who holds an obvious bias against the Defendants." Reply Re: Rally YouTube Video at 3.

In a supplemental response, Plaintiffs argue that the woman who recorded the video and posted it on YouTube, Jessica Schroer-Smalley, was deposed on December 11, 2023, and her deposition testimony that she did not edit the video or record it for money is sufficient to authenticate the video. Pl. Supp. Opp., ECF No. 123 ("Supp. Opp. Re: Rally Youtube Video") at 2–3.

The Court disagrees.

First of all, Ms. Schroer-Smalley, who loaded the video clip onto YouTube, has admitted that "I did upload this to YouTube, and what I can tell you is that it's a compilation of videos that I took and put into one." Schroer-Smalley Dep., ECF No. 125 at 6. As for the original video recordings without any edits, Ms. Schroer-Smalley does not have them anymore. *See id.* at 16 ("Q: So, what you're sending us is just what we're – and what we're looking here or – A: Yeah, pretty much because that's all I really have, you know?"). Plaintiffs thus seek to have admitted into evidence not the original recordings taken, but "a compilation" of what was filmed. This proffer is an insufficient basis to permit its admission. *See, e.g.*, *Elliott v. Cartagena*, 84 F.4th 481, 491 (2d Cir. 2023) (finding that court abused its discretion in admitting a draft as a duplicate because "[u]nder Rule 1003, a duplicate is admissible 'to the same extent as the original,' – that is, it will be treated as direct evidence of the original – only 'if no genuine issue exists as to authenticity'") (citations omitted).

Moreover, "[i]n balancing potential prejudice against the probative value of the evidence under Rule 403, this Court may consider the 'availability of alternative means to present similar evidence.'" *Rosenthal v. City of New York*, No. 09 Civ. 5270 (WHP), 2011 WL 10901799, at *2 (S.D.N.Y. Sept. 6, 2011) (quoting *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008)). Here, this witness can testify to what statements Mr. Sequeira allegedly made at this rally. Thus, the video, which cannot be properly authenticated because Ms. Schroer-Smalley did not preserve unedited versions of this event, would be cumulative of any testimony this witness could provide about the event.

Accordingly, the Court will grant Defendants' Mot. Re: Rally YouTube Video without prejudice to renewal at trial.

### C.  Damages Issues

The third and final category of contested evidentiary issues, at least those raised in the parties' motion *in limine* filings, relates to the issue of damages.

#### 1.  <u>Def. Mot. Re: Damages Analyses</u>

Under Federal Rule of Civil Procedure 26(a), a party must disclose "a computation of each category of damages claimed by the disclosing party" and "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e) requires a party to supplement any incomplete or incorrect disclosure made under Rule 26(a) if the party becomes aware of new information. *See* Fed. R. Civ. P. 26(e)(1)(A).

Rule 37 provides mechanisms for enforcing the disclosure requirements of Rule 26. Under Rule 37(c), a party that "fails to provide information or identify a witness" may be

precluded from using that information or witness to provide evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

District courts have wide discretion to impose sanctions under Rule 37. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) (holding that a district court erred in concluding that "'preclusion is mandatory' under Rule 37(c)(1) once 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless'"). Furthermore, "[e]vidence preclusion is generally disfavored." *Gemmink v. Jay Peak, Inc*., No. 1:12-cv-32 (JGM), 2013 WL 3730937, at *2 (D. Vt. July 15, 2013) (*citing Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007)). In deciding whether to impose sanctions for failure to disclose under Rule 26, the Court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original).

Defendants argue that Plaintiffs' damages analyses from September 11, 2023 and September 25, 2023 should be excluded because (1) they should have been provided by an expert, not lay witnesses; (2) they lack foundation because they were provided without justification and supporting documentation; (3) they were provided to the Defendants piecemeal, with substantial delay and after the close of discovery; (4) significant discrepancies exist between the two sets of disclosures. Def. Mot. Re: Damages Analyses at 1; *see also* Mem Re: Damages Analyses.

In response, Plaintiffs argue that they "have been subjected to an inordinate amount of labor board proceeding" and each of them "believed that the labor board would have rendered a

decision regarding their grievance well before the federal case went to trial which if returned to work, would necessarily change their compensatory losses." Reply Re: Damages Analysis at 2. They also agree to withdraw the reports that describe the damages, but still intend to offer exhibits and testimony regarding their wage and pension information from 2018 through 2023. *Id.* at 1.

In reply, Defendants argue that even if Plaintiffs withdraw their reports describing damages but still offer the remaining exhibits, testimony on this must be provided by an expert witness under Fed. R. Evid. 701, the exhibits lack foundation, and they violate the Joint 26(f) Report.

The Court disagrees.

As a preliminary matter, all of the damages issues raised by Defendants relate to economic damages. Ordinarily, such damage issues would be decided by the Court, not the jury. *See Colon v. City of New York*, No. 16-CV-4540 (VSB), 2023 WL 6497650, at *7 (S.D.N.Y. Oct. 5, 2023), *reconsideration denied sub nom. Colon v. New York City Housing Authority, et. al.*, No. 16-CV-4540 (VSB), 2024 WL 714681 (S.D.N.Y. Feb. 21, 2024) ("Because a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not entitled to a jury determination on the question.") (citing *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005)).

As a result, until the issue of liability is resolved by the jury, none of these economic damages issues need be presented to the jury at all, and these related evidentiary issues can be addressed at a later time.

Accordingly, the Court will deny Defendants' motion to preclude the damages analyses, to the extent Plaintiffs seek to provide testimony, without prejudice to renewal after the jury trial, to the extent necessary.

2.   <u>Def. Mot. Re: Witnesses on Emotional Distress Damages</u>

Defendants argue that "Plaintiffs should not be permitted to present witnesses on the matter of emotional injury damages as they were never timely disclosed and allowing Plaintiffs' proposed witnesses, on the eve of trial is unduly prejudicial." Def. Mot. Re: Emotional Distress Damages at 2.

The Plaintiffs have agreed to not call these witnesses. *See* Pl. Amended List of Witnesses, ECF No. 100 (Nov. 10, 2023).

Accordingly, the Court will deny this motion as moot.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion regarding the arbitration panel's decisions, ECF No. 90.

The Court will **GRANT** Plaintiffs' motion regarding Mr. Moore's previous lawsuit against Mr. Sequeira and the City of Shelton, ECF No. 83.

The Court will **GRANT** Plaintiffs' motion regarding the protective order, ECF No. 86.

The Court will **GRANT** Plaintiffs' motion regarding the Napoleone Settlement, ECF No. 87.

The Court will **DENY without prejudice** to renewal at trial Plaintiffs' motion regarding the investigation, ECF No. 82, Plaintiffs' motion regarding the City of Shelton Settlement, ECF No. 84, and Plaintiffs' motion regarding the polygraph exam, ECF No. 85.

The Court will **GRANT in part and DENY in part** the motion to preclude the Fox News video, ECF No. 93.

The Court will **DENY** Defendants' motion regarding the YouTube rally video, ECF No. 94.

The Court will **DENY** Defendants' motion to preclude the damages analyses, ECF No. 91, without prejudice to renewal after the trial.

Finally, the Defendants' motion regarding witnesses on emotional distress damages is **DENIED** as moot, ECF No. 92.


      **SO ORDERED** at New Haven, Connecticut, this 8th day of March, 2024.

              /s/ Victor A. Bolden\
              VICTOR A. BOLDEN\
              UNITED STATES DISTRICT JUDGE