UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID MOORE, ET AL | : | NO.: 3:21-cv-00787 (VAB) |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN SEQUEIRA, ET AL | : | |
|     Defendants | : | MAY 15, 2024 |

**DEFENDANTS' RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR RULE 59 MOTION FOR NEW TRIAL/REMITTITUR**

Pursuant to Fed. R. Civ. P. 50(b) and 59, the Defendants, Shawn Sequeira ("Chief Sequeira") and Mark Lauretti ("Mayor Lauretti") and City of Shelton, move that the judgment [Doc. ##160 and 162] after jury trial be entered in their favor, a remittitur ordered, damages vacated or a new trial for the following reasons:

1. There was insufficient evidence for the jury to have reasonably or legally found that Chief Sequeira or Mayor Lauretti retaliated against Mr. McClain for participating in the July 2, 2020 rally or Facebook postings, and judgment should enter in favor of Chief Sequeira and Mayor Lauretti as to the jury's finding on First Amendment retaliation claims for Mr. McClain.

   a. If the Court enters judgment in favor of Chief Sequeira as it relates to the jury's finding on First Amendment retaliation claims for Mr. McClain, Chief Sequeira seeks a remittitur of $90,000 as to the compensatory damages awarded to Mr. McClain and to vacate the $150,000 punitive damages award.

   b. If the Court enters judgment in favor of Mayor Lauretti as it relates to the jury's finding on First Amendment retaliation claims for Mr. McClain,

    Mayor Lauretti requests the Court vacate the $90,000 in compensatory damages, and to vacate the $150,000 in punitive damages awarded to Mr. McClain.

2. There was insufficient evidence for the jury to have reasonably or legally found that Chief Sequeira published a defamatory statement to a third person as it relates to Mr. McClain, and judgment should enter in favor of Chief Sequeira as to the jury's finding on defamation and false light invasion of privacy claims for Mr. McClain.

  a. If the Court enters judgment in favor of Chief Sequeira as it relates to the jury's finding on defamation and false light invasion of privacy claims for Mr. McClain, Chief Sequeira seeks a remittitur of $300,000 as to the compensatory damages awarded to Mr. McClain.

3. There was insufficient evidence for the jury to have reasonably or legally found that Mayor Lauretti published a defamatory statement to a third person as it relates to Mr. Loris and Mr. Falcone, and judgment should enter in favor of Mayor Lauretti as to the jury's finding on defamation and false light invasion of privacy claims for Mr. Loris and Mr. Falcone.

  a. If the Court enters judgment in favor of Mayor Lauretti as it relates to the jury's finding on defamation and false light invasion of privacy claims for Mr. Loris, Mayor Lauretti seeks a remittitur of $300,000 as to the compensatory damages awarded to Mr. Loris.

  b. If the Court enters judgment in favor of Mayor Lauretti as it relates to the jury's finding on defamation and false light invasion of privacy claims for

>   Mr. Falcone, Mayor Lauretti seeks a remittitur of $300,000 as to the compensatory damages awarded to Mr. Falcone.

4. There was insufficient evidence for the jury to have reasonably or legally found that Chief Sequeira's or Mayor Lauretti's conduct was extreme and outrageous, and the punitive damages awarded should be vacated.

5. When applying the "Gore Factors", the punitive damages awarded against Chief Sequeira and Mayor Lauretti are excessive and are beyond the outermost limits of plaintiffs' due process guarantee. The Defendants seek a remittitur of the punitive damages awarded so they do not exceed the compensatory damages awarded by the jury for Plaintiffs' First Amendment retaliation claims.

In the alternative, pursuant to Rule 59, Defendants, Chief Sequeira and Mayor Lauretti, move for a new trial and/or remittitur for the following reasons:

1. If the Court does not enter judgment as a matter of law in favor of Chief Sequeira and Mayor Lauretti as to Plaintiff Mr. McClain's First Amendment retaliation claim, then Chief Sequeira and Mayor Lauretti seek a new trial.

2. If the Court enters judgment as a matter of law in favor of Shawn Sequeira as it relates to the jury's finding on First Amendment retaliation claims for Mr. McClain, Chief Sequeira seeks a remittitur of $90,000 as to the compensatory damages awarded to Mr. McClain or a new trial.

3. If the Court enters judgment as a matter of law in favor of Chief Sequeira as it relates to the jury's finding on defamation and false light invasion of privacy claims for Mr. McClain, Chief Sequeira seeks a remittitur of $300,000 as to the compensatory damages awarded to Mr. McClain or a new trial.

3

4. If the Court enters judgment as a matter of law in favor of Mayor Lauretti as it relates to the jury's finding on defamation and false light invasion of privacy claims for Mr. Loris, Mayor Lauretti seeks a remittitur of $300,000 as to the compensatory damages awarded to Mr. Loris or a new trial.

5. If the Court enters judgment as a matter of law in favor of Mayor Lauretti as it relates to the jury's finding on defamation and false light invasion of privacy claims for Mr. Falcone, Mayor Lauretti seeks a remittitur of $300,000 as to the compensatory damages awarded to Mr. Falcone, or a new trial.

6. If the Court does not vacate the punitive damages awards against Chief Sequeira and Mayor Lauretti in their entirety, then Chief Sequeira and Mayor Lauretti seek a new trial.

7. Chief Sequeira and Mayor Lauretti are entitled to a remittitur of $75,000 each for a total of $150,000 as to the punitive damages awarded to Mr. Moore.

8. Chief Sequeira and Mayor Lauretti are entitled to a remittitur of $110,000 each for a total of $220,000 as to the punitive damages awarded to Mr. Loris.

9. Chief Sequeira and Mayor Lauretti are entitled to a remittitur of $60,000 each for a total of $120,000 as to the punitive damages awarded to Mr. Falcone.

10. If this Court does not find that judgment should enter for Chief Sequeira and Mayor Lauretti as to Plaintiff Mr. McClain's First Amendment retaliation claim, and/or the Court does not vacate the $300,000 in punitive damages awarded on the basis of Mr. McClain's First Amendment retaliation claim, Chief Sequeira and Mayor Lauretti are entitled to a remittitur of $60,000 each for a total of $120,000 as to the punitive damages awarded to Mr. McClain.

The grounds for these motions are more fully set forth in the Memorandum of Law filed in support thereof.

WHEREFORE, it is respectfully requested that the Court grant these motions.

>DEFENDANTS,
>SHAWN SEQUEIRA, MARK LAURETTI and
>CITY OF SHELTON
>
>By /s/ David S. Monastersky
>　　David S. Monastersky
>　　ct13319
>　　Adam J. DiFulvio
>　　ct29927
>　　Howd & Ludorf, LLC
>　　100 Great Meadow Road, Suite 201
>　　Wethersfield, CT  06109
>　　(860) 249-1361
>　　(860) 249-7665 (Fax)
>　　dmonastersky@hl-law.com
>　　adifulvio@hl-law.com

## **CERTIFICATION**

      This is to certify that on May 15, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/ David S. Monastersky
                                         David S. Monastersky